## Josephine Bebber et al. v. Charles A. Moreland et al.

1. MORTGAGES—*Not Negotiable Instruments.*—A mortgage is not a negotiable instrument, and an assignee takes it subject to whatever defenses the mortgagor may have to it.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

**Statement.**—Appellants, February 4, 1898, filed a bill to foreclose a trust deed executed by appellees about June 1, 1894, securing a note of $1,000 of even date, executed by appellee Charles A. Moreland, due on or before June 1, 1900. There were executed at the same time ten interest coupon notes of even date for $35 each, to secure the interest. The notes were all made payable to the order of Charles A. Moreland and by him indorsed in blank and delivered to W. J. Haerther. The appellee Agnes V. Moreland, is the wife of Charles A. The trust deed was acknowledged and recorded August 6, 1894. The premises in question had been bought by the appellees Moreland through Mr. W. J. Haerther, and the deed to the property was delivered to Mr. Moreland at the time the notes and

Bebber v. Moreland.

trust deed sought to be foreclosed in this case were deliv-
ered to Haerther.  At the time Moreland purchased the
property there was a mortgage on the premises to the Pa-
cific Loan and Homestead Association, amounting to about
$1,000.

Mr. Moreland testified:  "I told Thurck I didn't like the
building and loan association mortgage, and Haerther spoke
up and said, ' I will give you a straight loan for $1,000
and take it myself at seven per cent, to run five years.'
I says, 'All right, I will accept the loan.'  Haerther says,
'I will take that building and loan association mortgage up,
then I will put the thousand dollar mortgage on record.' "
Haerther, a witness for appellants, does not contradict this.
Haerther did not take up the Homestead Association mort-
gage.

About the 5th of September, 1894, appellant, Mr. Bebber,
visited Mr. Haerther's office for the purpose of inquiring for
good mortgages which he might have for sale.  Mr. Bebber
was shown the Moreland property, decided to take the loan,
and on the next day paid to W. J. Haerther the sum of
$1,017, and the Moreland notes and trust deed were deliv-
ered to Mr. Bebber, for his wife.  September 29, 1894, a
release deed was executed by Albert Schoenbeck, trustee,
and recorded November 11, 1894, releasing the Moreland
trust deed sought to be foreclosed; this release was procured
and filed without the knowledge or consent of the appel-
lant, Mrs. Bebber, who was then in possession of the notes
and trust deed, and the legal holder thereof.

Mr. Moreland had for some time before this release deed
was procured been pressing Haerther for the return of the
notes, as Mr. Haerther had not taken up the association
mortgage as he had agreed with Mr. Moreland.  After
giving various excuses for not having the notes, and being
greatly pressed by Mr. Moreland, Haerther finally had Mr.
Schoenbeck, the trustee, who was an employe in Haerther's
office, execute the release.  On being further pressed by
Mr. Moreland, Haerther afterward, October 12, 1894, exe-
cuted a bond in the penal sum of $2,000, signed by his

brother as surety, to indemnify Mr. Moreland in case the notes should get into the hands of some innocent person.

The bill filed by appellants, in addition to praying for the foreclosure of the trust deed, also prays that the release deed may be canceled and set aside as a cloud upon appellant's title.

In December, 1894, Mr. Bebber called at the home of the Morelands and then was informed for the first time that the trust deed had been released, and that Haerther had not applied the proceeds to the taking up of the building and loan association mortgage.

The master found adversely to appellants and reported that he found, first, there was no consideration for the execution of said notes; at least the consideration had not been performed and fulfilled by Haerther or received in full by the defendants. He also found that the evidence failed to establish an agency in Haerther to sell the notes.

Appellants filed objections to the master's findings and conclusions of law, which objections were overruled by the master, and the master's findings and conclusions were sustained by the circuit judge.

On February 14, 1895, there was paid by Haerther $346 on account of the interest and principal of said notes, in addition to $35 previously paid by Haerther on account of the first six months' interest.

WM. E. O'NEILL, attorney for appellants.

S. W. McCASLIN and CLIFFORD & FULLER, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellants' principal contention is that Moreland, by leaving his note and the mortgage securing the same with Haerther, enabled him to perpetrate a fraud, and he, Moreland, should bear the loss thus occasioned, to an innocent purchaser of such securities.

The bill in this case is to set aside a release of the mort-

gage and to foreclose the same. Appellant is presumed to have known that a mortgage is not a negotiable instrument, and that he took the one in question subject to whatever defenses the makers might have thereto.

Haerther had no right or authority to sell the mortgage or to place it upon record until the incumbrance to the building and loan association had been removed; his sale to defendant was a betrayal of his trust, and the purchase by appellant gave to him, as against Moreland, no right to enforce this security. What appellant may do with the note he obtained is not before the court.

The present case is quite unlike either Seaverns v. The Presbyterian Hospital, 173 Ill. 414, or Greenbaum v. Bornhofen, 167 Ill. 640.

We are not here dealing with an authorized transfer of securities for the purpose of thereby obtaining money with which to pay off a prior incumbrance.

The authority and the agreement in this case was that the mortgage now under consideration should not be recorded until the prior mortgage had been "taken up."

The decree of the Circuit Court is affirmed.